# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**STIPULATION AND AGREEMENT OF SETTLEMENT**

---

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff" or "Indiana"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Qurate Retail, Inc. ("Qurate"), Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the District of Colorado (the "Court"). This Stipulation is intended by the Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims and Released Defendants' Claims (both defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A. All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B. On September 6, 2018, a securities class action complaint captioned *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH (the "Action") was filed in the U.S. District Court for the District of Colorado on behalf of investors in QVC Group ("QVC Group").[1]

C. On November 26, 2018, the Court issued an order appointing Indiana Public Retirement System as Lead Plaintiff and appointing Labaton Sucharow LLP as Lead Counsel to represent the putative class.

D. Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action, as set forth below, and on these matters Defendants take no position. Lead Plaintiff's process, through Lead Counsel, included reviewing and analyzing: (i) documents filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, financial information, and public statements issued by or concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (iii) research reports issued by financial analysts; (iv) other publicly available information and data concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (v) the applicable law governing the claims and potential defenses in the Action; and (vi) documents provided by Defendants, as described below. Lead Counsel also identified approximately 130 former employees and other persons

---

[1] As detailed in Qurate's Form 10-K for the year ending December 31, 2018, filed with the U.S. Securities and Exchange Commission ("SEC") on February 28, 2019, during the Class Period the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation. In March 2018, QVC Group was rebranded as Qurate Retail Group, and in April 2018 Liberty Interactive was renamed Qurate.

with relevant knowledge and interviewed 27 of them. In addition, Lead Plaintiff engaged a forensic accounting expert who conducted an accounting analysis regarding certain financial elements of Lead Plaintiff's claims. Lead Plaintiff also engaged a well-respected economist to review Lead Plaintiff's claims and conduct an analysis.

E. Following Lead Plaintiff's investigation, Lead Counsel drafted an Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"). The Complaint alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class of all purchasers or acquirers of QVC Group publicly traded Class A common stock during the period from August 5, 2015, through September 8, 2016, inclusive, who were allegedly damaged thereby.

F. On January 16, 2019, the Parties advised the Court that they had conferred and agreed to discuss a potential resolution of the claims in the Action. *See* ECF No. 33. The Parties engaged Michelle M. Yoshida, Esq., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action.

G. In connection with the Parties' settlement discussions and in advance of the mediation session, Lead Plaintiff provided Qurate with a draft of the Complaint and Qurate provided Lead Plaintiff a core document production exceeding 3,000 pages under provisions of a mediation confidentiality agreement. The Complaint was subsequently filed by Lead Plaintiff.

H. On March 25, 2019, the Parties met with Ms. Yoshida in an attempt to reach a settlement. The mediation was preceded by the exchange of mediation statements and documents. The mediation session ended without an agreement to settle the case.

I. Following the mediation session, the Parties engaged in additional arm's-length negotiations by telephone, both directly and facilitated by Ms. Yoshida. After an extended effort to settle the claims, the Parties accepted the mediator's proposal for a settlement on April 5, 2019, and executed a settlement term sheet on April 16, 2019.

J. Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the complaints filed in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or class members have suffered damage or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner that was, and that they reasonably believed to be in, accordance with all applicable rules, regulations, and laws. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims.

K. Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel also is

mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

**DEFINITIONS**

1. As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a) "Action" means the civil action captioned *Bristol County Retirement System v. Qurate Retail, Inc.,* No. 1:18-cv-02300-MEH, pending in the United States District Court for the District of Colorado before the Honorable Michael E. Hegarty, United States Magistrate Judge.

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this

Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c) "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d) "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process proofs of claim, and to administer the Settlement.

(e) "Class Period" means the period from August 5, 2015 through September 8, 2016, inclusive.

(f) "Company" refers to Qurate Retail, Inc., QVC, Inc., and/or Liberty Interactive Corporation.

(g) "Defendants" means Qurate Retail, Inc., Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski.

(h) "Defendants' Counsel" means the law firms of O'Melveny & Myers LLP and Sherman & Howard L.L.C.

(i) "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 38 below.

(j) "Escrow Account" means the separate escrow account at Citibank, N.A., a national banking institution, established to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k) "Escrow Agent" means Labaton Sucharow LLP.

(l) "Fee and Expense Application" means Lead Counsel's application, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and payment of litigation

expenses incurred in prosecuting the case, including any expenses pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(m) "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Notice and Administration Expenses, Taxes, the Plan of Allocation of the Net Settlement Fund, the Court's award of attorneys' fees or expenses to Plaintiffs' Counsel, or any other fees or expenses awarded by the Court shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final such that it would have preclusive effect in any subsequent proceeding, and all releases provided by this Stipulation would be binding notwithstanding any such appeal or proceeding seeking subsequent review.

(n) "Individual Defendants" mean Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski.

(o) "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p) "Lead Counsel" means Labaton Sucharow LLP.

(q) "Lead Plaintiff" means Indiana Public Retirement System.

(r) "Local Counsel" means The Shuman Law Firm.

(s) "Mediator" means Michelle M. Yoshida, Esq.

(t) "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses to Plaintiffs' Counsel; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(u) "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to potential Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(v) "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to potential Settlement Class Members; (ii) receiving and reviewing claims asserted against the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(w) "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture,

limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(x) "Plaintiffs' Counsel" means Labaton Sucharow LLP, The Shuman Law Firm, Wolf Haldenstein Adler Freeman & Herz LLP, and the Thornton Law Firm.

(y) "Plan of Allocation" means the proposed Plan of Allocation for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(z) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(aa) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(bb) "QVC Stock" means the publicly traded Series A QVC Group common stock traded during the Class Period on the NASDAQ Global Select Market under the symbol QVCA.

(cc) "Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether asserted individually, directly, or representatively, that were or could have been alleged in the Action or could in the future be asserted in any forum, domestic or foreign, whether arising under federal, state, common, statutory, regulatory or foreign law, arising out of, based

upon, connected to, or in any way related to the purchase or acquisition QVC Stock during the Class Period and any allegations, acts, transactions, facts, events, matters, occurrences, representations, statements or omissions that were or could have been set forth, alleged, referred to, or asserted in the Action by Lead Plaintiff or any member of the Settlement Class.

(dd) "Released Defendant Parties" means Defendants; Defendants' Counsel; any individual previously named as a defendant in the Action; each of their respective past, present, and future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, representatives, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives; and any trust of which any Released Defendant Party is the settlor or that is for the benefit of any of their immediate family members; and all persons acting by, through, under or in concert with them or any of them.

(ee) "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(ff) "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(gg) "Released Plaintiff Parties" means Settlement Class Members, Lead Plaintiff, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(hh) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ii) "Settlement Amount" means five million and seven hundred and fifty thousand U.S. dollars ($5,750,000) in cash.

(jj) "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive, and were allegedly damaged thereby, as will be determined by the Plan of Allocation approved by the Court. Provided, however, that excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock made in that capacity. Also excluded

from the Settlement Class will be any Person that timely and validly seeks exclusion from the Settlement Class or who is otherwise excluded by the Court.

(kk) "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ll) "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(mm) "Stipulation" means this Stipulation and Agreement of Settlement.

(nn) "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(oo) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(pp) "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the

Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member (in addition to Lead Plaintiff) shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3. For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

5. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released

Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6. In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 4–5, above, all of which the Parties agree are good and valuable consideration, Qurate shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within twenty-one (21) business days of the later of (i) the date of entry of the Preliminary Approval Order and (ii) Labaton Sucharow providing to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including, but not limited to, wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.

7. With the sole exception of Qurate's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6, and Qurate's obligations under ¶¶ 21 and 36, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8. Other than the obligation of Qurate to cause the payment of the Settlement Amount pursuant to ¶ 6, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member or Plaintiffs' Counsel in settlement of the Action or pursuant to this Stipulation.

**USE AND TAX TREATMENT OF SETTLEMENT FUND**

9. The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10. The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 22-34 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

11. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas.

Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b) All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the

Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c) Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

13. Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the

same periods as earned by the Settlement Fund. Defendants shall take no position with respect to any Fee and Expense Application.

14. The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel after entry of the order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

15. Any payment of attorneys' fees and expenses pursuant to ¶¶ 13-14 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund or to Qurate if appropriate of any paid amounts, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel agrees that it and its partners or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph. Lead Counsel shall make the appropriate refund or repayment in full no later than twenty-one (21) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16. With the sole exception of Qurate's obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 6, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

17. Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18. Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

19. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 39 or otherwise based

on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

**NOTICE AND ADMINISTRATION EXPENSES**

20. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21. Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $500,000 from the Settlement Fund to pay Notice and Administration Expenses reasonably and actually incurred. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Lead Plaintiff and Qurate or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS**

22. The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶ 6 and 36 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

23. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24. Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 39 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims on the Net Settlement Fund, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

26. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees

and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization serving the public interest designated by Lead Plaintiff and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

27. Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

28. Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims on the Net Settlement Fund. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

29. For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in its discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party. A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c) Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d) Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30. Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with

processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

31. Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

32. All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 27-34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34. No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35. Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

36. Qurate shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) calendar days of entry of the Preliminary Approval Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or acquired QVC Stock during the Class Period to the extent they are reasonably available.

## TERMS OF THE JUDGMENT

37. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

38. The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a) Defendants have not exercised their option to terminate the Settlement under ¶¶ 39–40.

(b) entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(c) payment of the Settlement Amount into the Escrow Account;

(d) approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

**WAIVER OR TERMINATION**

39. Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. A deviation from the form of Judgment provided in Exhibit B shall be considered "material" if a party reasonably and in good faith believes that the deviation is materially adverse to it, including without limitation any deviation that shortens the Class Period, narrows the scope of the Released Claims, narrows the scope of the Released Defendant Parties, or purports to require a change to the Settlement Amount. For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

40. In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Qurate shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46-49 which shall continue to apply.

41. The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel by email of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it.

42. In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 6 above, by providing written notice of the election to terminate to all other Parties and, thereafter, if there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

43. If, before the Settlement becomes Final, Qurate files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of Qurate to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of Defendants, and the Parties shall be restored to their litigation positions on April 16, 2019.

44. Qurate warrants, as to itself and the payments made on Defendants' behalves, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 39–44 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any

exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

46. With the exception of the provisions of ¶¶ 46–49 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action on April 16, 2019; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of this Stipulation, including any order or judgment certifying the Settlement Class, shall be treated as vacated *nunc pro tunc*.

47. In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid and any attorneys' fees that have been advanced or paid to Lead Counsel in accordance with ¶¶ 13–15, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to Qurate within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and

pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

**NO ADMISSION**

48. Except as set forth in ¶ 49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

49. Notwithstanding ¶ 48 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any

applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50. All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51. The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties shall not assert or pursue any action alleging that any other Party or its counsel has violated Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

52. This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

53. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

55. Any failure by one Party to insist on the strict performance by any other party of any provision of this Stipulation shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

58. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

59. All agreements by, between, or among the Parties and their counsel as to the confidentiality of information exchanged between or among them shall remain in in full force and effect and any designations made, or orders entered, during the course of the Action relating to the confidentiality of documents or information shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally

consummated, without regard to any of the conditions of the Settlement. Other than disclosures required by law, none of the Parties shall make any public comments about this Settlement other than stating that it represents a mutually acceptable resolution with which all Parties are satisfied.

60. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

61. This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

62. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

63. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Colorado without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full

authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66. The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

67. Lead Plaintiff agrees that it will not intentionally assist or cooperate with any non-governmental person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Defendant Parties. Lead Plaintiff and Lead Counsel agree that they will not intentionally assist or cooperate with any non-governmental person or entity seeking to publicly disparage the Released Defendant Parties with respect to any matter relating to the subject matter of this Action, and that they will not discuss any confidential matters related to this Action or the Settlement with any non-governmental person or entity one other than the Parties hereto, their counsel, the Court, and their agents, in their capacities as such. Nothing in this paragraph is intended to preclude a person's ability to comply with lawful process or cooperate with any government inquiry.

68. If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 35 above, those disputes will be resolved by the Mediator first by way of expedited telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable resolution.

Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 31, 2019.

**LABATON SUCHAROW LLP**

By: ______________________

Jonathan Gardner
Christine M. Fox
Theodore J. Hawkins
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
cfox@labaton.com
thawkins@labaton.com

*Counsel for Lead Plaintiff and the Proposed Class*

**O'MELVENY & MYERS LLP**

By: ______________________

Matthew W. Close
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
mclose@omm.com

Abby F. Rudzin
Time Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2033
Facsimile: (212) 326-2061
arudzin@omm.com

Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 31, 2019.

**LABATON SUCHAROW LLP**

By: ______________________________

Jonathan Gardner
Christine M. Fox
Theodore J. Hawkins
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
cfox@labaton.com
thawkins@labaton.com

*Counsel for Lead Plaintiff and the Proposed Class*

**O'MELVENY & MYERS LLP**

By: ______________________________

Matthew W. Close
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
mclose@omm.com

Abby F. Rudzin
Time Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2033
Facsimile: (212) 326-2061
arudzin@omm.com

**SHERMAN & HOWARD L.L.C.**

By: ________________________________

Stefan D. Stein
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
sstein@shermanhoward.com

*Counsel for Defendants Qurate Retail, Inc., Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

---

WHEREAS, as of May 31, 2019, Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Qurate Retail, Inc. ("Qurate"), and Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action

Complaint for Violation of Federal Securities Laws, filed on May 30, 2019, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _______ day of ____________, 2019 that:

1. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities who purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby, as determined by the Plan of Allocation approved by the Court (the "Settlement Class"). Provided, however, that excluded from the Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock

made in that capacity. Settlement Class Members who properly exclude themselves from the Settlement Class by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice will also be excluded.

3. This provisional certification of the Settlement Class is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Stipulation. If the Court does not grant final approval of the proposed Settlement, or if the Court's grant of final approval does not become Final for any reason, or is modified in any material respect, this provisional class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever.

4. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Indiana Public Retirement System is preliminarily certified as Class Representative for the Settlement Class. The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and The Shuman Law Firm is preliminarily appointed as Liaison Counsel for the Settlement Class.

6. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, in Courtroom A501, on _________________, 2019, at __:____ _.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether The Shuman Law Firm, PC should be finally appointed as Liaison Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

8. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

9. The Court approves the retention of Strategic Claims Services ("SCS") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before twelve (12) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Qurate, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers or acquirers of the publicly traded QVC Stock during the Class Period, to the extent they are reasonably available, no later than ten (10) calendar days after entry of this Preliminary Approval Order.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded QVC Stock during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the

Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners up to $0.70 per unit if the nominee elects to undertake the mailing of the Notice and Proof of Claim or up to $0.10 per name if the nominee provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except for the sending of such Notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

12. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and

due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 16 of this order.

(b) The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips,

broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

16. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Bristol County Ret. Sys. v. Qurate Retail, Inc.*, No. 18-cv-02300 (D. Colo.)" and must be signed by such Person. Such

Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of publicly traded QVC Stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Until otherwise ordered by the Court, all proceedings in the Action shall be stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts any Released Claims against any of the Released Defendant Parties.

18. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Matthew W. Close, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room

A105, 901 19th Street , Denver, CO 80294. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any

distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 16, 2019.

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _______ day of ______________, 2019

BY THE COURT:

______________________________
Honorable Michael E. Hegarty
UNITED STATES MAGISTRATE JUDGE

# Exhibit A-1

Exhibit A-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

---

If you purchased or otherwise acquired publicly traded Series A QVC Group common stock traded on the NASDAQ Global Select Market under the symbol QVCA ("QVC Stock") during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.***

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"),[1] and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses (*see* pages ___ and ___ below). This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated ________, 2019 (the "Stipulation"), which can be viewed at www.strategicclaims.net and www.labaton.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

- If approved by the Court, the Settlement will create a $5,750,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members, after the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Indiana Public Retirement System ("Indiana or "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against Qurate Retail, Inc. ("Qurate"),[2] and Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Individual Defendants" and, with Qurate, the "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _______, 2019** | The only way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2019** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY _______, 2019** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON ______________, 2019 AND FILE A NOTICE OF INTENTION TO APPEAR BY _______, 2019** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

[2] As detailed in Qurate's Form 10-K for the year ending December 31, 2018, filed with the U.S. Securities and Exchange Commission ("SEC") on February 28, 2019, during the Class Period the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation. In March 2018, QVC Group was rebranded as Qurate Retail Group, and in April 2018 Liberty Interactive was renamed Qurate Retail, Inc.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $5,750,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiff's damages expert's estimate of the number of shares of QVC Stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.04 per allegedly damaged share.[3] If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** A Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired QVC Stock during the Class Period; and (iv) whether and when the Settlement Class Member sold QVC Stock. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

[3] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2. The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim alleged. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) whether the Action was filed within the applicable statute of limitations; (iv) the amounts by which the prices of QVC Stock were allegedly artificially inflated, if at all, during the Class Period, and the extent to which factors such as general market, economic, and industry conditions influenced the trading prices of the stock; and (v) whether class members suffered any damages.

3. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions. While Lead Plaintiff believes that it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4. Lead Counsel, on behalf of itself and all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $200,000, plus accrued interest, which may include an application

pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its litigation efforts. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged share of QVC Stock. A copy of the Fee and Expense Application will be posted on www.strategicclaims.net and www.labaton.com after it has been filed with the Court.

**Reasons for the Settlement**

5. For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; maintaining certification of the class through trial; the risk that the Court may grant some or all of the anticipated motions to dismiss and summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7. Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8. Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: c/o Strategic Claims Services, P.O. Box

230, 600 N. Jackson Street, Suite 205, Media, PA 19063, (_____) _____-_____, www.strategicclaims.net; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

### 1. Why did I get this Notice?

9. You or someone in your family may have purchased or acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"). **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 8 below.**

10. The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11. The Court in charge of the Action is the United States District Court for the District of Colorado, and the case is known as *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH. The Action is assigned to the Honorable Michael E. Hegarty, United States Magistrate Judge.

### 2. What is this case about and what has happened so far?

12. Qurate is a retail company that sells consumer products mostly through live merchandise-focused televised shopping programs, websites, and mobile applications. QVC, Inc. is Qurate's largest wholly owned subsidiary, reaching approximately 23 million customers.

In general, the Complaint alleges that Defendants made materially false and misleading statements and omissions regarding QVC Inc.'s use of Easy Pay, a program that allowed customers to buy items on credit through a series of installment payments. Allegedly facing declining sales in the first half of 2015, at the start of the Class Period, the Company allegedly increased its use of Easy Pay, expanding both the number and type of products on which it offered Easy Pay; added lower-priced products to Easy Pay; and relaxed rules regarding Easy Pay installment payments. These actions were allegedly done to inflate the Company's sales and to allow Company executives to meet their 2015 performance bonus targets 2015. The Complaint further alleges that when the truth regarding the Company's sales, the expansion of the Easy Pay program, and the resulting increase in the Company's bad debt rate were allegedly disclosed to the market, the price of QVC Stock declined causing damages to the proposed class.

13. On September 6, 2018, a securities class action complaint captioned *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH, was filed in the Court on behalf of investors in QVC Stock. On November 26, 2018, pursuant to the PSLRA, the Court issued an order appointing Indiana as Lead Plaintiff and appointing Labaton Sucharow LLP as Lead Counsel to represent the putative class.

14. The operative complaint in the Action is the Amended Class Action Complaint for Violation of Federal Securities Laws, filed on May ___, 2019. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the SEC on behalf of a class of all purchasers or acquirers of QVC Stock during the Class Period.

15. Lead Plaintiff, through Lead Counsel, represents that it has conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the

subject of the Action, as set forth below, and on these matters Defendants take no position. Lead Plaintiff's process, through Lead Counsel, included reviewing and analyzing: (i) documents filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, financial information, and public statements issued by or concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (iii) research reports issued by financial analysts; (iv) other publicly available information and data concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (v) the applicable law governing the claims and potential defenses in the Action; and (vi) core documents, exceeding 3,000 pages, provided by Defendants in connection with mediation efforts, described below. Lead Counsel also identified approximately 130 former employees and other persons with relevant knowledge and interviewed 27 of them. In addition, Lead Plaintiff engaged a forensic accounting expert who conducted an accounting analysis regarding certain financial elements of Lead Plaintiff's claims. Lead Plaintiff also engaged a well-respected economist to review Lead Plaintiff's claims and conduct an analysis.

16. In an effort to explore the possibility for a negotiated resolution of the claims in the Action, the parties engaged Michelle M. Yoshida, Esq., a well-respected and highly experienced mediator. On March 25, 2019, the Parties met with Ms. Yoshida in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and documents, however a settlement was not reached at that time. Thereafter, discussions continued and ultimately the Parties accepted the mediator's proposal for a settlement on April 5, 2019, and executed a settlement term sheet on April 16, 2019.

**3. Why is this a class action?**

17. In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4. What are the reasons for the Settlement?**

18. The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. For example, Defendants have raised arguments and defenses (which they would likely raise in motions to dismiss, in motions for summary judgment, and at trial) countering Lead Plaintiff's allegations, such as that Defendants properly informed investors about the Easy Pay program and that Lead Plaintiff would be unable to establish the falsity and materiality of the alleged misstatements or that Defendants acted with the required level of intent, and that the Action is barred by the statute of limitations. Defendants also maintain that recoverable damages, to the extent there were any, were minimal. In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class. Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

19. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint. Nonetheless, Defendants have concluded that continuation of the Action could be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that the Settlement is in the best interests of Defendants.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement Class?

20. The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

> ***All persons and entities that purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive, and were allegedly damaged thereby, as will be determined by the Plan of Allocation approved by the Court.***

21. The Plan of Allocation that is being proposed by Lead Plaintiff for approval by the Court is discussed on pages ___ to ____ below. If one of your mutual funds purchased or acquired QVC Stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased or acquired QVC Stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

**6. Are there exceptions to being included?**

22. Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock made in that capacity. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

23. In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Qurate has agreed to pay, or cause to be paid, $5,750,000, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

**8. How can I receive a payment?**

24. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website of the Claims Administrator: www.strategicclaims.net, or from Lead Counsel's website: www.labaton.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

25. Please read the instructions in the Claim Form carefully. Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.strategicclaims.net. Claim Forms must be **postmarked (if mailed) or received no later than ______________________, 2019.**

**9. When will I receive my payment?**

26. The Court will hold a Settlement Hearing on **____________, 2019** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**10. What am I giving up to receive a payment and by staying in the Settlement Class?**

27. If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a) **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether asserted individually, directly, or representatively, that were or could have been alleged in the Action or could in the future be asserted in any forum, domestic or foreign, whether arising under federal, state, common, statutory, regulatory or foreign law, arising out of, based upon, connected to, or in any way related to the purchase or acquisition QVC Stock during the Class Period and any allegations, acts, transactions, facts, events, matters, occurrences, representations,

statements or omissions that were or could have been set forth, alleged, referred to, or asserted in the Action by Lead Plaintiff or any member of the Settlement Class.

(b) **"Released Defendant Parties"** means Defendants; Defendants' Counsel; any individual previously named as a defendant in the Action; each of their respective past, present, and future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, representatives, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives; and any trust of which any Released Defendant Party is the settlor or that is for the benefit of any of their immediate family members; and all persons acting by, through, under or in concert with them or any of them.

(c) "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member (in addition to Lead Plaintiff) shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred

by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

28. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

29. Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

30. If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

**11. How do I exclude myself from the Settlement Class?**

31. To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Bristol County Ret. Sys. v. Qurate Retail, Inc.,* No. 18-cv-02300 (D. Colo.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of QVC Stock the person or entity purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion must be submitted so that it is **received no later than __________, 2019** to:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

32. This information is needed to determine whether you are a member of the

Settlement Class. Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**12. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

33. No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is ________________, **2019.**

**13. If I exclude myself, can I get money from the proposed Settlement?**

34. No, only Settlement Class Members are eligible to recover money from the Settlement.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

35. Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the lawyers be paid?**

36. Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work. Lead Counsel will apply to the Court, on behalf of itself and all other Plaintiffs' Counsel, for an award of attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel are Lead Counsel, The Shuman Law Firm, Wolf Haldenstein Adler Freeman & Herz LLP, and the Thornton Law Firm. Any fee allocations among Plaintiffs' Counsel will in no way increase the fees that are deducted from the Settlement Fund, and no other attorneys will share the awarded attorneys' fees. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution and settlement of the Action of no more than $200,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**16. How do I tell the Court that I do not like something about the proposed Settlement?**

37. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

38. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Bristol County Ret. Sys. v. Qurate Retail, Inc.,* No. 18-cv-02300 (D. Colo.)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include information sufficient to prove the objector's membership in the Settlement Class, including the number of shares of QVC Stock purchased, acquired, and sold during the Class Period as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than _______________, 2019** **<u>and</u>** be mailed or delivered to the following counsel so that it is **received no later than __________________, 2019:**

| **<u>Court</u>** | **<u>Lead Counsel</u>** | **Defendants' Counsel <u>Representatives</u>** |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Alfred A. Arraj United States Courthouse<br>901 19th Street<br>Denver, CO 80294 | **Labaton Sucharow LLP**<br>Jonathan Gardner, Esq.<br>140 Broadway<br>New York, NY 10005 | **O'Melveny & Myers LLP**<br>Matthew W. Close, Esq.<br>400 South Hope Street<br>18th Floor<br>Los Angeles, CA 90071 |

39. You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 16 and below in Question 20 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**17. What is the difference between objecting and seeking exclusion?**

40. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**18. When and where will the Court decide whether to approve the proposed Settlement?**

41. The Court will hold the Settlement Hearing on **___________, 2019 at ____ _.m.**, in Courtroom A501 at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.

42. At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above. We do not know how long it will take the Court to make these decisions.

43. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or visit the websites www.strategicclaims.net or www.labaton.com, beforehand to be sure that the hearing date and/or time has not changed.

**19. Do I have to come to the Settlement Hearing?**

44. No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 20 below **no later than _____________, 2019**.

**20. May I speak at the Settlement Hearing?**

45. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _________ __, 2019,** submit a statement that you, or your attorney, intend to appear in "*Bristol County Ret. Sys. v. Qurate Retail, Inc.*, No. 18-cv-02300 (D. Colo.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 16 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 20 and Question 16 above.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

46. If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

**22. Are there more details about the Settlement?**

47. This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, District of Colorado, United States District Court, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

48. You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Claims Administrator website, www.strategicclaims.net, or the website of Lead Counsel, www.labaton.com. You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Bristol County Ret. Sys. v. Qurate Retail, Inc.,* Claims

Administrator, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

### 23. How will my claim be calculated?

49. The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan will be posted on the Claims Administrator website at: www.strategicclaims.net and at www.labaton.com.

50. The Settlement Amount and the interest it earns is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.

51. The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses allegedly as a result of the asserted violations of the federal securities laws during the Class Period (August 5, 2015 through September 8, 2016). In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of QVC Stock.[4] It is alleged that corrective information released to the market

[4] During the Class Period, the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation. In March 2018, QVC Group was rebranded as Qurate Retail Group. In April 2018, Liberty Interactive was renamed Qurate. After the rebranding,

on August 5, 2016 (prior to market open) and September 8, 2016 (at 10:43 a.m. EST) impacted the market price of QVC Stock in a statistically significant manner and removed the alleged artificial inflation from the share price on August 5, 2016, and September 8, 2016 (after 10:43 a.m. EST). Accordingly, in order to have a compensable loss in this Settlement, the QVC Stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures. To design this Plan, Lead Counsel has conferred with Lead Plaintiff's damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action pursuant to the Exchange Act.

52. The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired QVC Stock; and (c) whether and when the claimant sold his, her, or its shares of QVC Stock.

53. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement

---

QVC Stock's ticker symbol "QVCA" was changed to "QRTEA." Accordingly, your account information may refer to QVCA before March 2018, but QRTEA after March 2018.

Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

54. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiff, Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

55. For purposes of determining whether a claimant has a Recognized Claim, purchases, acquisitions, and sales of QVC Stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase/acquisition or sale of QVC Stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

56. The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase/acquisition of QVC Stock during the Class Period from August 5, 2015 through September 8, 2016 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

57. For each share of QVC Stock purchased or otherwise acquired during the Class Period and sold before the close of trading on December 6, 2016, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

58. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

59. **For each share of QVC Stock purchased or acquired from August 5, 2015 through and including September 8, 2016 prior to 10:43 a.m. EST[5] and:**

(a) Sold before the opening of trading on August 5, 2016, the Recognized Loss Amount for each such share shall be zero.

(b) Sold after the opening of trading on August 5, 2016, and before the release of corrective information on September 8, 2016 at 10:43 a.m. EST, the Recognized Loss Amount for each such share shall be ***the lesser of***:

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

(ii) the Out of Pocket Loss.

(c) Sold after the release of corrective information on September 8, 2016 (at 10:43 EST) and before the close of trading on December 6, 2016, the Recognized Loss Amount for each such share shall be ***the least of***:

[5] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares purchased/acquired or sold on September 8, 2016 at any price less than $21.26 per share occurred after the corrective information was released to the market at 10:43 a.m. EST, and any shares purchased/acquired or sold on September 8, 2016 at any price equal to or greater than $21.26 per share occurred prior to the release of the corrective information at 10:43 a.m. EST.

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii) the actual purchase/acquisition price of each such share ***minus*** the average closing price from September 8, 2016, up to the date of sale as set forth in **Table 2** below; or

(iii) the Out of Pocket Loss.

(d) Held as of the close of trading on December 6, 2016, the Recognized Loss Amount for each such share shall be ***the lesser of*:**

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii) the actual purchase/acquisition price of each such share ***minus*** $19.66.[6]

60. **For each share of QVC Stock purchased or acquired on September 8, 2016, at or after 10:43 a.m. EST, when the allegedly corrective information was released to the market, the Recognized Loss Amount for each such share shall be zero.**

**TABLE 1**

**QVC Stock Artificial Inflation**
**for Purposes of Calculating Purchase/Acquisition and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| August 5, 2015 – August 4, 2016 | $7.84 |
| August 5, 2016 – September 8, 2016 (prior to 10:43 EST) | $1.79 |
| September 8, 2016 (at or after 10:43 a.m. EST) | $0.00 |

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of QVC Stock during the "90-day look-back period," September 8, 2016 through December 6, 2016. The mean (average) closing price for QVC Stock during this 90-day look-back period was $19.66.

## TABLE 2

**QVC Stock Closing Price and Average Closing Price**
**September 8, 2016 – December 6, 2016**

| Date | Closing Price | Average Closing Price between September 8, 2016 and Date Shown | Date | Closing Price | Average Closing Price between September 8, 2016 and Date Shown |
|---|---|---|---|---|---|
| 9/8/2016 | $19.59 | $19.59 | 10/24/2016 | $19.02 | $19.29 |
| 9/9/2016 | $19.49 | $19.54 | 10/25/2016 | $18.89 | $19.28 |
| 9/12/2016 | $19.54 | $19.54 | 10/26/2016 | $18.55 | $19.26 |
| 9/13/2016 | $19.10 | $19.43 | 10/27/2016 | $18.25 | $19.23 |
| 9/14/2016 | $18.83 | $19.31 | 10/28/2016 | $18.34 | $19.21 |
| 9/15/2016 | $18.97 | $19.25 | 10/31/2016 | $18.49 | $19.19 |
| 9/16/2016 | $18.52 | $19.15 | 11/1/2016 | $18.42 | $19.17 |
| 9/19/2016 | $18.70 | $19.09 | 11/2/2016 | $18.39 | $19.15 |
| 9/20/2016 | $18.70 | $19.05 | 11/3/2016 | $18.26 | $19.13 |
| 9/21/2016 | $18.58 | $19.00 | 11/4/2016 | $18.12 | $19.10 |
| 9/22/2016 | $19.53 | $19.05 | 11/7/2016 | $18.30 | $19.09 |
| 9/23/2016 | $19.95 | $19.13 | 11/8/2016 | $19.63 | $19.10 |
| 9/26/2016 | $19.86 | $19.18 | 11/9/2016 | $20.25 | $19.12 |
| 9/27/2016 | $20.03 | $19.24 | 11/10/2016 | $19.99 | $19.14 |
| 9/28/2016 | $20.04 | $19.30 | 11/11/2016 | $19.99 | $19.16 |
| 9/29/2016 | $19.84 | $19.33 | 11/14/2016 | $20.58 | $19.19 |
| 9/30/2016 | $20.01 | $19.37 | 11/15/2016 | $21.05 | $19.23 |
| 10/3/2016 | $20.10 | $19.41 | 11/16/2016 | $20.95 | $19.26 |
| 10/4/2016 | $20.16 | $19.45 | 11/17/2016 | $21.18 | $19.30 |
| 10/5/2016 | $20.05 | $19.48 | 11/18/2016 | $21.07 | $19.33 |
| 10/6/2016 | $19.69 | $19.49 | 11/21/2016 | $21.07 | $19.37 |
| 10/7/2016 | $19.43 | $19.49 | 11/22/2016 | $21.56 | $19.41 |
| 10/10/2016 | $19.32 | $19.48 | 11/23/2016 | $22.13 | $19.46 |
| 10/11/2016 | $18.82 | $19.45 | 11/25/2016 | $22.11 | $19.50 |
| 10/12/2016 | $18.84 | $19.43 | 11/28/2016 | $21.71 | $19.54 |
| 10/13/2016 | $18.89 | $19.41 | 11/29/2016 | $21.51 | $19.58 |
| 10/14/2016 | $18.81 | $19.38 | 11/30/2016 | $20.71 | $19.60 |
| 10/17/2016 | $18.78 | $19.36 | 12/1/2016 | $20.48 | $19.61 |
| 10/18/2016 | $18.78 | $19.34 | 12/2/2016 | $20.26 | $19.62 |
| 10/19/2016 | $18.77 | $19.32 | 12/5/2016 | $20.79 | $19.64 |
| 10/20/2016 | $18.91 | $19.31 | 12/6/2016 | $20.65 | $19.66 |
| 10/21/2016 | $19.02 | $19.30 | | | |

## ADDITIONAL PROVISIONS

61. Publicly traded QVC Stock is the only security eligible for recovery under the Plan of Allocation. With respect to QVC Stock purchased/acquired or sold through the exercise

of an option, the purchase/acquisition/sale date of the QVC Stock is the exercise date of the option and the purchase/acquisition/sale price is the exercise price of the option.

62. Purchases or acquisitions and sales of QVC Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of QVC Stock during the Class Period shall not be deemed a purchase or acquisition of such shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such QVC Stock unless (i) the donor or decedent purchased or otherwise acquired such shares of QVC Stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of QVC Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

63. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a claimant has an opening short position in QVC Stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

64. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized

Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

65. Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

66. Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

67. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the

investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

68. Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Colorado with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

69. If you purchased or acquired Series A QVC Group common stock, traded during the Class Period on the NASDAQ Global Select Market under the symbol QVCA, during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or acquired QVC Stock during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, up to $0.70 per unit if you elect to undertake the mailing of the Notice and Proof of Claim yourself or up to $0.10 per name if you provide the names and addresses to the Claims Administrator, assuming the expenses would not have been incurred except for the sending of such Notice.

Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
www.strategicclaims.net
(___ ) _____ - ________

Dated: ________, 2019

BY ORDER OF THE UNITED STATES
DISTRICT COURT
DISTRICT OF COLORADO

# Exhibit A-2

EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**PROOF OF CLAIM AND RELEASE**

---

## A. GENERAL INSTRUCTIONS

1. To recover as a member of the Settlement Class based on your claims in the action entitled *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH (D. Colo.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET NO LATER THAN _______________, 2019 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN ____________, 2019, ADDRESSED AS FOLLOWS**:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services

P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
www.strategicclaims.net

4. If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated __________, 2019, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## B. CLAIMANT IDENTIFICATION

1. If you purchased or otherwise acquired publicly traded Series A QVC Group common stock traded on the NASDAQ Global Select Market under the symbol QVCA ("QVC Stock")[1] during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and held the stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired QVC Stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of QVC Stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C. IDENTIFICATION OF TRANSACTIONS

1. Use Part II of this form entitled "Schedule of Transactions in QVC Stock" to supply all required details of your transaction(s) in QVC Stock. If you need more space or

[1] As detailed in Qurate's Form 10-K for the year ending December 31, 2018, filed with the U.S. Securities and Exchange Commission on February 28, 2019, during the Class Period the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation. In March 2018, QVC Group was rebranded as Qurate Retail Group. In April 2018, Liberty Interactive was renamed Qurate. After the rebranding, QVC Stock's ticker symbol "QVCA" was changed to "QRTEA." Accordingly, your account information may refer to QVCA before March 2018, but QRTEA after March 2018.

additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to: (i) all of your holdings of QVC Stock as of the beginning of trading on August 5, 2015; (ii) all of your purchases, acquisitions, and sales of QVC Stock during the time periods below; and (iii) all of your holdings in QVC Stock as of the close of trading on December 6, 2016, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of QVC Stock. The date of a "short sale" is deemed to be the date of sale.

4. Copies of broker confirmations or other documentation of your transactions in QVC Stock must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN QVC STOCK.**

5. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a signed Claim Form. If you wish to file your claim electronically, you must contact the Claims Administrator at (___) ___-____ or info@strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name | MI | Beneficial Owner's Last Name

Co-Beneficial Owner's First Name | MI | Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City | State | ZIP/Postal Code

Foreign Province (only if not USA) Foreign Country (only if not USA)

Social Security Number Taxpayer Identification Number

☐☐☐ - ☐☐ - ☐☐☐☐ OR ☐☐ - ☐☐☐☐☐☐☐

Telephone Number (home) Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):

- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other ______________ (please specify)
- ☐ Trust

## PART II – SCHEDULE OF TRANSACTIONS IN QVC STOCK

| **1. HOLDINGS AS OF OPENING OF TRADING ON AUGUST 5, 2015** – State the total number of shares of QVC Stock held as of the opening of trading on August 5, 2015. (Must be documented.) If none, write "zero" or "0." ____________________ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM AUGUST 5, 2015 THROUGH SEPTEMBER 8, 2016.** Separately list each and every purchase/acquisition of QVC Stock from after the opening of trading on August 5, 2015 through and including the close of trading on September 8, 2016. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM SEPTEMBER 9, 2016 THROUGH DECEMBER 6, 2016** – State the total number of shares of QVC Stock purchased/acquired from after the opening of trading on September 9, 2016 through and including the close of trading on December 6, 2016. If none, write “zero” or “0.”[2] ____________

| **4. SALES FROM AUGUST 5, 2015 THROUGH DECEMBER 6, 2016** – Separately list each and every sale/disposition of QVC Stock from after the opening of trading on August 5, 2015 through and including the close of trading on December 6, 2016. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **5. HOLDINGS AS OF DECEMBER 6, 2016 –** State the total number of shares of QVC Stock held as of the close of trading on December 6, 2016. (Must be documented.) If none, write “zero” or “0.” ________________ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW. FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1. I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated ____________, 2019 (the “Stipulation”) described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Colorado, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to

[2] **Please note**: Information requested with respect to your purchases/acquisitions of QVC Stock from after the opening of trading on September 9, 2016 through and including the close of trading on December 6, 2016 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

furnish additional information to the Claims Administrator to support this claim (including transactions in other QVC/Qurate securities) if requested to do so. I (We) have not submitted any other claim in the Action covering the same purchases, acquisitions, or sales of QVC Stock during the Class Period and know of no other person having done so on my (our) behalf.

2. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the accompanying Notice. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in QVC Stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

5. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this ______ day of __________________, in ________________, __________________.
(Month / Year) (City) (State/Country)

______________________________________ ___________________________________
Signature of Claimant Signature of Joint Claimant, if any

______________________________________ ____________________________________
Print Name of Claimant Print Name of Joint Claimant, if any

_____________________________________________________________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
www.strategicclaims.net
(____) ___-____

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit A-3

Exhibit A-3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

---

**To: All Persons Who Purchased or Otherwise Acquired Publicly Traded Series A QVC Group Common Stock Traded on the NASDAQ Global Select Market Under the Symbol QVCA During the Period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and Who Were Allegedly Damaged Thereby (the "Settlement Class" or "Settlement Class Members").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Colorado, that Lead Plaintiff Indiana Public Retirement System, on behalf of itself and the proposed Settlement Class, and Qurate Retail, Inc., Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $5,750,000 that, if approved, will resolve the Action in its entirety (the "Settlement").

Exhibit A-3

A hearing will be held before the Honorable Michael E. Hegarty of the United District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, in Courtroom A501, at __:___ ___.m. on ____________ __, 2019 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _______, 2019; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Notice and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website of the Claims Administrator, www.___________.com, or by contacting the Claims Administrator at:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
www.strategicclaims.net
(____) ____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

Jonathan Gardner, Esq.
**LABATON SUCHAROW LLP**

Exhibit A-3

140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or received no later than ___________ __, 2019***. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court in the Action, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than _____________ __, 2019.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than ____________ __, 2019***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: ___________________, 2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

Defendants.

---

**[PROPOSED] FINAL ORDER AND JUDGMENT**

---

WHEREAS:

A. As of May 31, 2019, Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Qurate Retail, Inc. ("Qurate"), and Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint for

Violation of Federal Securities Laws, filed on May 30, 2019, on the merits and with prejudice (the "Settlement");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____________, 2019 (the "Preliminary Approval Order"), the Court scheduled a hearing for _________, 2019, at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before twelve (12) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members (defined below) who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that

any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by ___________, 2019;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On ___________, 2019, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on __________, 2019, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on ______, 2019; and (ii) the Notice, which was filed with the Court on ____________, 2019. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through

September 8, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby, as determined by the Plan of Allocation approved by the Court (the "Settlement Class" or "Settlement Class Members"). Provided, however, that excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock made in that capacity. [Also excluded from the Settlement Class are those investors listed on the attached Exhibit A who timely and validly requested exclusion from the Settlement Class.]

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Indiana Public Retirement System as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and The Shuman Law Firm as Liaison Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons

entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. [There have been no objections to the Settlement.]

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Amended Class Action Complaint for Violation of Federal Securities Laws, filed on _____, 2019, is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE** as of the Effective Date and without costs to any Party.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11. Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

12. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption,

concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given thereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order will be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to

the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _______ day of  ______________, 2019

BY THE COURT:

______________________________
Honorable Michael E. Hegarty
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**