**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

      Defendants.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

---

WHEREAS, as of May 31, 2019, Lead Plaintiff Indiana Public Retirement System

("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class

(defined below), on the one hand, and Qurate Retail, Inc. ("Qurate"), and Michael A. George,

Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), on the other,

entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled

litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil

Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the

proposed settlement of the Action and the claims alleged in the Amended Class Action

Complaint for Violation of Federal Securities Laws, filed on May 30, 2019, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 11th day of June, 2019, that:

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities who purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby, as determined by the Plan of Allocation approved by the Court (the "Settlement Class").  Provided, however, that excluded from the Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock

2

made in that capacity.  Settlement Class Members who properly exclude themselves from the

Settlement Class by submitting a valid and timely request for exclusion in accordance with the

requirements set forth below and in the Notice will also be excluded.

3.      This provisional certification of the Settlement Class is made for the sole purpose

of the potential consummation of the proposed settlement of the Action in accordance with the

Stipulation.  If the Court does not grant final approval of the proposed Settlement, or if the

Court's grant of final approval does not become Final for any reason, or is modified in any

material respect, this provisional class certification shall be deemed void *ab initio*, shall be of no

force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever.

4.      The Court finds and preliminarily concludes that the prerequisites of class action

certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been

satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in

that:

(a)      the members of the Settlement Class are so numerous that joinder of all

Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class

Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented

and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members

predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Indiana Public Retirement System is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and The Shuman Law Firm is preliminarily appointed as Liaison Counsel for the Settlement Class.

6.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, in Courtroom A501, **on September 23, 2019, at 11:00 a.m.** for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

4

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether The Shuman Law Firm, PC should be finally appointed as Liaison Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

8.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

9.      The Court approves the retention of Strategic Claims Services ("SCS") as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before twelve (12) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Qurate, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers or acquirers of the publicly traded QVC Stock during the Class Period, to the extent they are reasonably available, no later than ten (10) calendar days after entry of this Preliminary Approval Order.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded QVC Stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the

6

Action.  Upon full and timely compliance with these directions, such nominees may seek

reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the

Claims Administrator with proper documentation supporting the expenses for which

reimbursement is sought.   The Claims Administrator shall, if requested, reimburse nominees out

of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing

notice to beneficial owners up to $0.70 per unit if the nominee elects to undertake the mailing of

the Notice and Proof of Claim or up to $0.10 per name if the nominee provides the names and

addresses to the Claims Administrator, which expenses would not have been incurred except for

the sending of such Notice, and subject to further order of this Court with respect to any dispute

concerning such reimbursement.

11.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof

of mailing of the Notice and Proof of Claim.

12.     The Court approves the form of the Summary Notice of Pendency of Class

Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice")

substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause

the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR*

*Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or

before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13.     The form and content of the notice program described herein, and the methods set

forth herein of notifying the Settlement Class of the Settlement and its terms and conditions,

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and

due process, constitute the best notice practicable under the circumstances, and shall constitute

due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in

the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following

conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed

hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in

the Notice, postmarked no later than 120 calendar days after the Notice Date.  Such deadline

may be further extended by Court order or by Lead Counsel in its discretion.  Each Proof of

Claim shall be deemed to have been submitted when postmarked (if properly addressed and

mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any

other manner shall be deemed to have been submitted when it was actually received at the

address designated in the Notice.  Any Settlement Class Member who does not timely submit a

Proof of Claim within the time provided for shall be barred from sharing in the distribution of

the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all

determinations and judgments in this Action concerning the Settlement, as provided by

paragraph 16 of this order.

(b)     The Proof of Claim submitted by each claimant must satisfy the

following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be

properly completed, signed and submitted in a timely manner in accordance with the provisions

of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips,

8

broker account statements, an authorized statement from the broker containing the transactional

information found in a broker confirmation slip, or such other documentation as is deemed

adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the

Proof of Claim is acting in a representative capacity, a certification of his or her current

authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the

Proof of Claim must be complete and contain no material deletions or modifications of any of

the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the

jurisdiction of the Court with respect to the claim submitted.

15.     Any Settlement Class Member may enter an appearance in this Action, at his, her

or its own expense, individually or through counsel of his, her or its own choice.  If any

Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead

Counsel.

16.     Settlement Class Members shall be bound by all orders, determinations and

judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless

such Persons request exclusion from the Settlement Class in a timely and proper manner, as

hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion

request shall mail the request in written form by first-class mail to the Claims Administrator at

the address designated in the Notice for such exclusions, such that it is received no later than

twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must

state the name, address and telephone number of the Person seeking exclusion, must state that

the sender requests to be "excluded from the Settlement Class in *Bristol County Ret. Sys. v.*

*Qurate Retail, Inc.,* No. 18-cv-02300 (D. Colo.)" and must be signed by such Person.  Such

9

Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of publicly traded QVC Stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Until otherwise ordered by the Court, all proceedings in the Action shall be stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts any Released Claims against any of the Released Defendant Parties.

18.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Matthew W. Close, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room

10

A105, 901 19th Street , Denver, CO 80294.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any

distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.      All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.      Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25.      If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 16, 2019.

26.      The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 11th day of June, 2019

BY THE COURT:

_____
Honorable Michael E. Hegarty
UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

Exhibit A-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

      Defendants.

---

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

---

If you purchased or otherwise acquired publicly traded Series A QVC Group common stock traded on the NASDAQ Global Select Market under the symbol QVCA ("QVC Stock") during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice. This is **not** a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"),[1] and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses (*see* pages ___ and ___ below). This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____, 2019 (the "Stipulation"), which can be viewed at www.strategicclaims.net and www.labaton.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

- If approved by the Court, the Settlement will create a $5,750,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members, after the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Indiana Public Retirement System ("Indiana or "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against Qurate Retail, Inc. ("Qurate"),[2] and Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Individual Defendants" and, with Qurate, the "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2019** | The <u>only</u> way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2019** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2019** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON _____, 2019 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2019** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

---

[2] As detailed in Qurate's Form 10-K for the year ending December 31, 2018, filed with the U.S. Securities and Exchange Commission ("SEC") on February 28, 2019, during the Class Period the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation. In March 2018, QVC Group was rebranded as Qurate Retail Group, and in April 2018 Liberty Interactive was renamed Qurate Retail, Inc.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $5,750,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's damages expert's estimate of the number of shares of QVC Stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.04 per allegedly damaged share.[3]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired QVC Stock during the Class Period; and (iv) whether and when the Settlement Class Member sold QVC Stock.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

---

[3] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim alleged.  The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) whether the Action was filed within the applicable statute of limitations; (iv)  the amounts by which the prices of QVC Stock were allegedly artificially inflated, if at all, during the Class Period, and the extent to which factors such as general market, economic, and industry conditions influenced the trading prices of the stock; and (v) whether class members suffered any damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.  While Lead Plaintiff believes that it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel, on behalf of itself and all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $200,000, plus accrued interest, which may include an application

pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its litigation efforts.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged share of QVC Stock.  A copy of the Fee and Expense Application will be posted on www.strategicclaims.net and www.labaton.com after it has been filed with the Court.

**Reasons for the Settlement**

5.  For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; maintaining certification of the class through trial; the risk that the Court may grant some or all of the anticipated motions to dismiss and summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.  Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.  Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: c/o Strategic Claims Services, P.O. Box

230, 600 N. Jackson Street, Suite 205, Media, PA 19063, (_____) ____-____, www.strategicclaims.net; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

| **1.  Why did I get this Notice?** |
| --- |

9.       You or someone in your family may have purchased or acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period").  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.       The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.       The Court in charge of the Action is the United States District Court for the District of Colorado, and the case is known as *Bristol County Retirement System v. Qurate Retail, Inc.,* No. 1:18-cv-02300-MEH.  The Action is assigned to the Honorable Michael E. Hegarty, United States Magistrate Judge.

| **2.  What is this case about and what has happened so far?** |
| --- |

12.       Qurate is a retail company that sells consumer products mostly through live merchandise-focused televised shopping programs, websites, and mobile applications. QVC, Inc. is Qurate's largest wholly owned subsidiary, reaching approximately 23 million customers.

In general, the Complaint alleges that Defendants made materially false and misleading statements and omissions regarding QVC Inc.'s use of Easy Pay, a program that allowed customers to buy items on credit through a series of installment payments. Allegedly facing declining sales in the first half of 2015, at the start of the Class Period, the Company allegedly increased its use of Easy Pay, expanding both the number and type of products on which it offered Easy Pay; added lower-priced products to Easy Pay; and relaxed rules regarding Easy Pay installment payments. These actions were allegedly done to inflate the Company's sales and to allow Company executives to meet their 2015 performance bonus targets 2015. The Complaint further alleges that when the truth regarding the Company's sales, the expansion of the Easy Pay program, and the resulting increase in the Company's bad debt rate were allegedly disclosed to the market, the price of QVC Stock declined causing damages to the proposed class.

13.     On September 6, 2018, a securities class action complaint captioned *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH, was filed in the Court on behalf of investors in QVC Stock. On November 26, 2018, pursuant to the PSLRA, the Court issued an order appointing Indiana as Lead Plaintiff and appointing Labaton Sucharow LLP as Lead Counsel to represent the putative class.

14.     The operative complaint in the Action is the Amended Class Action Complaint for Violation of Federal Securities Laws, filed on May ___, 2019. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the SEC on behalf of a class of all purchasers or acquirers of QVC Stock during the Class Period.

15.     Lead Plaintiff, through Lead Counsel, represents that it has conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the

subject of the Action, as set forth below, and on these matters Defendants take no position. Lead Plaintiff's process, through Lead Counsel, included reviewing and analyzing: (i) documents filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, financial information, and public statements issued by or concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (iii) research reports issued by financial analysts; (iv) other publicly available information and data concerning QVC Group, Liberty Interactive Corporation, Qurate, and the Defendants; (v) the applicable law governing the claims and potential defenses in the Action; and (vi) core documents, exceeding 3,000 pages, provided by Defendants in connection with mediation efforts, described below. Lead Counsel also identified approximately 130 former employees and other persons with relevant knowledge and interviewed 27 of them. In addition, Lead Plaintiff engaged a forensic accounting expert who conducted an accounting analysis regarding certain financial elements of Lead Plaintiff's claims. Lead Plaintiff also engaged a well-respected economist to review Lead Plaintiff's claims and conduct an analysis.

16.     In an effort to explore the possibility for a negotiated resolution of the claims in the Action, the parties engaged Michelle M. Yoshida, Esq., a well-respected and highly experienced mediator. On March 25, 2019, the Parties met with Ms. Yoshida in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and documents, however a settlement was not reached at that time. Thereafter, discussions continued and ultimately the Parties accepted the mediator's proposal for a settlement on April 5, 2019, and executed a settlement term sheet on April 16, 2019.

| **3. Why is this a class action?** |
|---|

17.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4. What are the reasons for the Settlement?** |
|---|

18.     The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  For example, Defendants have raised arguments and defenses (which they would likely raise in motions to dismiss, in motions for summary judgment, and at trial) countering Lead Plaintiff's allegations, such as that Defendants properly informed investors about the Easy Pay program and that Lead Plaintiff would be unable to establish the falsity and materiality of the alleged misstatements or that Defendants acted with the required level of intent, and that the Action is barred by the statute of limitations.  Defendants also maintain that recoverable damages, to the extent there were any, were minimal.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class. Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

19.    Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint.  Nonetheless, Defendants have concluded that continuation of the Action could be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that the Settlement is in the best interests of Defendants.

## WHO IS IN THE SETTLEMENT

**5.  How do I know if I am part of the Settlement Class?**

20.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

*All persons and entities that purchased or otherwise acquired QVC Stock during the period from August 5, 2015 through September 8, 2016, inclusive, and were allegedly damaged thereby, as will be determined by the Plan of Allocation approved by the Court.*

21.    The Plan of Allocation that is being proposed by Lead Plaintiff for approval by the Court is discussed on pages ___ to ____ below.  If one of your mutual funds purchased or acquired QVC Stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or acquired QVC Stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

| **6.  Are there exceptions to being included?** |
|---|

22.     Yes.     There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party with respect to any trades in QVC Stock made in that capacity.  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below.

## THE SETTLEMENT BENEFITS

| **7.  What does the Settlement provide?** |
|---|

23.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Qurate has agreed to pay, or cause to be paid, $5,750,000, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

| **8.  How can I receive a payment?** |
|---|

24.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the website of the Claims Administrator: www.strategicclaims.net, or from Lead Counsel's website: www.labaton.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

25.     Please read the instructions in the Claim Form carefully.  Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.strategicclaims.net.  Claim Forms must be **postmarked (if mailed) or received no later than _____, 2019.**

---

**9.  When will I receive my payment?**

---

26.     The Court will hold a Settlement Hearing on **_____, 2019** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

---

**10.  What am I giving up to receive a payment and by staying in the Settlement Class?**

---

27.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)     **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether asserted individually, directly, or representatively, that were or could have been alleged in the Action or could in the future be asserted in any forum, domestic or foreign, whether arising under federal, state, common, statutory, regulatory or foreign law, arising out of, based upon, connected to, or in any way related to the purchase or acquisition QVC Stock during the Class Period and any allegations, acts, transactions, facts, events, matters, occurrences, representations,

statements or omissions that were or could have been set forth, alleged, referred to, or asserted in the Action by Lead Plaintiff or any member of the Settlement Class.

(b)      **"Released Defendant Parties"** means Defendants; Defendants' Counsel; any individual previously named as a defendant in the Action; each of their respective past, present, and future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, representatives, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives; and any trust of which any Released Defendant Party is the settlor or that is for the benefit of any of their immediate family members; and all persons acting by, through, under or in concert with them or any of them.

(c)      "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member (in addition to Lead Plaintiff) shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred

by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

28.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

29.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

30.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

31.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Bristol County Ret. Sys. v. Qurate Retail, Inc.,* No. 18-cv-02300 (D. Colo.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of QVC Stock the person or entity purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be submitted so that it is **received no later than _____, 2019** to:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063

32.     This information is needed to determine whether you are a member of the

Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.  If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**12.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

---

33.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2019.**

---

**13.  If I exclude myself, can I get money from the proposed Settlement?**

---

34.    No, only Settlement Class Members are eligible to recover money from the Settlement.

**THE LAWYERS REPRESENTING YOU**

---

**14.  Do I have a lawyer in this case?**

---

35.    Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.  How will the lawyers be paid?** |
|---|

36.     Lead Counsel has been prosecuting the Action on a contingent basis and has not

been paid for any of its work.  Lead Counsel will apply to the Court, on behalf of itself and all

other Plaintiffs' Counsel, for an award of attorneys' fees of no more than 30% of the Settlement

Fund, which will include any accrued interest.   Plaintiffs' Counsel are Lead Counsel, The

Shuman Law Firm, Wolf Haldenstein Adler Freeman & Herz LLP, and the Thornton Law Firm.

Any fee allocations among Plaintiffs' Counsel will in no way increase the fees that are deducted

from the Settlement Fund, and no other attorneys will share the awarded attorneys' fees.  Lead

Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the

prosecution and settlement of the Action of no more than $200,000, plus accrued interest, which

may include an application in accordance with the PSLRA for the reasonable costs and

expenses (including lost wages) of Lead Plaintiff directly related to its representation of the

Settlement Class.  As explained above, any attorneys' fees and expenses awarded by the Court

will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for

any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| **16.  How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

37.     If you are a Settlement Class Member, you can object to the Settlement or any of

its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's

Fee and Expense Application.  You may write to the Court about why you think the Court

should not approve any or all of the Settlement terms or related relief.  If you would like the

Court to consider your views, you must file a proper objection within the deadline, and

according to the following procedures.

38.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Bristol County Ret. Sys. v. Qurate Retail, Inc.,* No. 18-cv-02300 (D. Colo.)."   Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include information sufficient to prove the objector's membership in the Settlement Class, including the number of shares of QVC Stock purchased, acquired, and sold during the Class Period as well as the dates and prices of each such purchase, acquisition, and sale.   Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.    Your objection must be filed with the Court **no later than _____, 2019 and** be mailed or delivered to the following counsel so that it is received no later than _____, 2019:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|---|
| **Clerk of the Court** United States District Court Alfred A. Arraj United States Courthouse 901 19th Street Denver, CO 80294 | **Labaton Sucharow LLP** Jonathan Gardner, Esq. 140 Broadway New York, NY 10005 | **O'Melveny & Myers LLP** Matthew W. Close, Esq. 400 South Hope Street 18th Floor Los Angeles, CA 90071 |

39.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 16 and below in Question 20 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**17.  What is the difference between objecting and seeking exclusion?**

40.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**18.  When and where will the Court decide whether to approve the proposed Settlement?**

41.     The Court will hold the Settlement Hearing on _____, 2019 at ____ _.m., in Courtroom A501 at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.

42.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above.  We do not know how long it will take the Court to make these decisions.

43.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or visit the websites www.strategicclaims.net or www.labaton.com, beforehand to be sure that the hearing date and/or time has not changed.

| **19.  Do I have to come to the Settlement Hearing?** |
| --- |

44.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 20 below **no later than _____, 2019**.

| **20.  May I speak at the Settlement Hearing?** |
| --- |

45.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2019,** submit a statement that you, or your attorney, intend to appear in "*Bristol County Ret. Sys. v. Qurate Retail, Inc.*, No. 18-cv-02300 (D. Colo.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 16 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 20 and Question 16 above.

## IF YOU DO NOTHING

| 21.  What happens if I do nothing at all? |
| --- |

46.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| 22.  Are there more details about the Settlement? |
| --- |

47.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, District of Colorado, United States District Court, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

48.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Claims Administrator website, www.strategicclaims.net, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Bristol County Ret. Sys. v. Qurate Retail, Inc.,* Claims

Administrator, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 23.  How will my claim be calculated? |
| --- |

49.     The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan will be posted on the Claims Administrator website at: www.strategicclaims.net and at www.labaton.com.

50.     The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.

51.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses allegedly as a result of the asserted violations of the federal securities laws during the Class Period (August 5, 2015 through September 8, 2016).  In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of QVC Stock.[4]  It is alleged that corrective information released to the market

---

[4] During the Class Period, the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation.  In March 2018, QVC Group was rebranded as Qurate Retail Group.  In April 2018, Liberty Interactive was renamed Qurate.  After the rebranding,

on August 5, 2016 (prior to market open) and September 8, 2016 (at 10:43 a.m. EST) impacted the market price of QVC Stock in a statistically significant manner and removed the alleged artificial inflation from the share price on August 5, 2016, and September 8, 2016 (after 10:43 a.m. EST).  Accordingly, in order to have a compensable loss in this Settlement, the QVC Stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures.  To design this Plan, Lead Counsel has conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action pursuant to the Exchange Act.

52.     The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired QVC Stock; and (c) whether and when the claimant sold his, her, or its shares of QVC Stock.

53.     Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement

QVC Stock's ticker symbol "QVCA" was changed to "QRTEA." Accordingly, your account information may refer to QVCA before March 2018, but QRTEA after March 2018.

Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

54.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Lead Plaintiff, Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

55.     For purposes of determining whether a claimant has a Recognized Claim, purchases, acquisitions, and sales of QVC Stock will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more than one purchase/acquisition or sale of QVC Stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

56.     The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase/acquisition of QVC Stock during the Class Period from August 5, 2015 through September 8, 2016 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

57.     For each share of QVC Stock purchased or otherwise acquired during the Class Period and sold before the close of trading on December 6, 2016, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

58.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

59.     **For each share of QVC Stock purchased or acquired from August 5, 2015 through and including September 8, 2016 prior to 10:43 a.m. EST[5] and:**

(a)     Sold before the opening of trading on August 5, 2016, the Recognized Loss Amount for each such share shall be zero.

(b)     Sold after the opening of trading on August 5, 2016, and before the release of corrective information on September 8, 2016 at 10:43 a.m. EST, the Recognized Loss Amount for each such share shall be *the lesser of*:

    (i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    (ii)     the Out of Pocket Loss.

(c)     Sold after the release of corrective information on September 8, 2016 (at 10:43 EST) and before the close of trading on December 6, 2016, the Recognized Loss Amount for each such share shall be *the least of*:

---

[5] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares purchased/acquired or sold on September 8, 2016 at any price less than $21.26 per share occurred after the corrective information was released to the market at 10:43 a.m. EST, and any shares purchased/acquired or sold on September 8, 2016 at any price equal to or greater than $21.26 per share occurred prior to the release of the corrective information at 10:43 a.m. EST.

(i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii)    the actual purchase/acquisition price of each such share *minus* the average closing price from September 8, 2016, up to the date of sale as set forth in **Table 2** below; or

(iii)   the Out of Pocket Loss.

(d)     Held as of the close of trading on December 6, 2016, the Recognized Loss Amount for each such share shall be ***the lesser of***:

(i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii)    the actual purchase/acquisition price of each such share *minus* $19.66.[6]

60.     **For each share of QVC Stock purchased or acquired on September 8, 2016, at or after 10:43 a.m. EST, when the allegedly corrective information was released to the market, the Recognized Loss Amount for each such share shall be zero.**

## TABLE 1

### QVC Stock Artificial Inflation
### for Purposes of Calculating Purchase/Acquisition and Sale Inflation

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| August 5, 2015 – August 4, 2016 | $7.84 |
| August 5, 2016 – September 8, 2016 (prior to 10:43 EST) | $1.79 |
| September 8, 2016 (at or after 10:43 a.m. EST) | $0.00 |

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of QVC Stock during the "90-day look-back period," September 8, 2016 through December 6, 2016. The mean (average) closing price for QVC Stock during this 90-day look-back period was $19.66.

Exhibit A-1

**TABLE 2**

**QVC Stock Closing Price and Average Closing Price**
**September 8, 2016 – December 6, 2016**

| Date | Closing Price | Average Closing Price between September 8, 2016 and Date Shown | Date | Closing Price | Average Closing Price between September 8, 2016 and Date Shown |
|---|---|---|---|---|---|
| 9/8/2016 | $19.59 | $19.59 | 10/24/2016 | $19.02 | $19.29 |
| 9/9/2016 | $19.49 | $19.54 | 10/25/2016 | $18.89 | $19.28 |
| 9/12/2016 | $19.54 | $19.54 | 10/26/2016 | $18.55 | $19.26 |
| 9/13/2016 | $19.10 | $19.43 | 10/27/2016 | $18.25 | $19.23 |
| 9/14/2016 | $18.83 | $19.31 | 10/28/2016 | $18.34 | $19.21 |
| 9/15/2016 | $18.97 | $19.25 | 10/31/2016 | $18.49 | $19.19 |
| 9/16/2016 | $18.52 | $19.15 | 11/1/2016 | $18.42 | $19.17 |
| 9/19/2016 | $18.70 | $19.09 | 11/2/2016 | $18.39 | $19.15 |
| 9/20/2016 | $18.70 | $19.05 | 11/3/2016 | $18.26 | $19.13 |
| 9/21/2016 | $18.58 | $19.00 | 11/4/2016 | $18.12 | $19.10 |
| 9/22/2016 | $19.53 | $19.05 | 11/7/2016 | $18.30 | $19.09 |
| 9/23/2016 | $19.95 | $19.13 | 11/8/2016 | $19.63 | $19.10 |
| 9/26/2016 | $19.86 | $19.18 | 11/9/2016 | $20.25 | $19.12 |
| 9/27/2016 | $20.03 | $19.24 | 11/10/2016 | $19.99 | $19.14 |
| 9/28/2016 | $20.04 | $19.30 | 11/11/2016 | $19.99 | $19.16 |
| 9/29/2016 | $19.84 | $19.33 | 11/14/2016 | $20.58 | $19.19 |
| 9/30/2016 | $20.01 | $19.37 | 11/15/2016 | $21.05 | $19.23 |
| 10/3/2016 | $20.10 | $19.41 | 11/16/2016 | $20.95 | $19.26 |
| 10/4/2016 | $20.16 | $19.45 | 11/17/2016 | $21.18 | $19.30 |
| 10/5/2016 | $20.05 | $19.48 | 11/18/2016 | $21.07 | $19.33 |
| 10/6/2016 | $19.69 | $19.49 | 11/21/2016 | $21.07 | $19.37 |
| 10/7/2016 | $19.43 | $19.49 | 11/22/2016 | $21.56 | $19.41 |
| 10/10/2016 | $19.32 | $19.48 | 11/23/2016 | $22.13 | $19.46 |
| 10/11/2016 | $18.82 | $19.45 | 11/25/2016 | $22.11 | $19.50 |
| 10/12/2016 | $18.84 | $19.43 | 11/28/2016 | $21.71 | $19.54 |
| 10/13/2016 | $18.89 | $19.41 | 11/29/2016 | $21.51 | $19.58 |
| 10/14/2016 | $18.81 | $19.38 | 11/30/2016 | $20.71 | $19.60 |
| 10/17/2016 | $18.78 | $19.36 | 12/1/2016 | $20.48 | $19.61 |
| 10/18/2016 | $18.78 | $19.34 | 12/2/2016 | $20.26 | $19.62 |
| 10/19/2016 | $18.77 | $19.32 | 12/5/2016 | $20.79 | $19.64 |
| 10/20/2016 | $18.91 | $19.31 | 12/6/2016 | $20.65 | $19.66 |
| 10/21/2016 | $19.02 | $19.30 | | | |

**ADDITIONAL PROVISIONS**

61.     Publicly traded QVC Stock is the only security eligible for recovery under the

Plan of Allocation.  With respect to QVC Stock purchased/acquired or sold through the exercise

of an option, the purchase/acquisition/sale date of the QVC Stock is the exercise date of the option and the purchase/acquisition/sale price is the exercise price of the option.

62.     Purchases or acquisitions and sales of QVC Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of QVC Stock during the Class Period shall not be deemed a purchase or acquisition of such shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such QVC Stock unless (i) the donor or decedent purchased or otherwise acquired such shares of QVC Stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of QVC Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a claimant has an opening short position in QVC Stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

64.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized

Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

65.     Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.   Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

66.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.   If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion.   Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

67.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants.   No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.   Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the

investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

68.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Colorado with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

69.     If you purchased or acquired Series A QVC Group common stock, traded during the Class Period on the NASDAQ Global Select Market under the symbol QVCA, during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or acquired QVC Stock during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, up to $0.70 per unit if you elect to undertake the mailing of the Notice and Proof of Claim yourself or up to $0.10 per name if you provide the names and addresses to the Claims Administrator, assuming the expenses would not have been incurred except for the sending of such Notice.

Exhibit A-1

Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net
(___ ) _____ - _____

Dated: _____, 2019                                  BY ORDER OF THE UNITED STATES
                                                      DISTRICT COURT
                                                      DISTRICT OF COLORADO

# Exhibit 2

EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

     Defendants.

---

## PROOF OF CLAIM AND RELEASE

---

### A.  GENERAL INSTRUCTIONS

    1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Bristol County Retirement System v. Qurate Retail, Inc.*, No. 1:18-cv-02300-MEH (D. Colo.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

    2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

    3.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET NO LATER THAN _____, 2019 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2019, ADDRESSED AS FOLLOWS**:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services

P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net

4.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2019, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## B.  CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired publicly traded Series A QVC Group common stock traded on the NASDAQ Global Select Market under the symbol QVCA ("QVC Stock")[1] during the period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and held the stock in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or otherwise acquired QVC Stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of QVC Stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in QVC Stock" to supply all required details of your transaction(s) in QVC Stock.  If you need more space or

---

[1] As detailed in Qurate's Form 10-K for the year ending December 31, 2018, filed with the U.S. Securities and Exchange Commission on February 28, 2019, during the Class Period the businesses comprising QVC Group, including QVC, Inc., were owned by Liberty Interactive Corporation.  In March 2018, QVC Group was rebranded as Qurate Retail Group.  In April 2018, Liberty Interactive was renamed Qurate.  After the rebranding, QVC Stock's ticker symbol "QVCA" was changed to "QRTEA."  Accordingly, your account information may refer to QVCA before March 2018, but QRTEA after March 2018.

additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) all of your holdings of QVC Stock as of the beginning of trading on August 5, 2015; (ii) all of your purchases, acquisitions, and sales of QVC Stock during the time periods below; and (iii) all of your holdings in QVC Stock as of the close of trading on December 6, 2016, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of QVC Stock.  The date of a "short sale" is deemed to be the date of sale.

4.      Copies of broker confirmations or other documentation of your transactions in QVC Stock must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN QVC STOCK.**

5.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a signed Claim Form.  If you wish to file your claim electronically, you must contact the Claims Administrator at (___) ___-____ or info@strategicclaims.net to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name             MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                              State    ZIP/Postal Code

 

Foreign Province (only if not USA)                   Foreign Country (only if not USA)

Social Security Number          Taxpayer Identification Number

☐☐☐ – ☐☐ – ☐☐☐☐  **OR**  ☐☐ – ☐☐☐☐☐☐☐

Telephone Number (home)          Telephone Number (work)

☐☐☐ – ☐☐☐ – ☐☐☐☐          ☐☐☐ – ☐☐☐ – ☐☐☐☐

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):
  Individual (includes joint owner accounts)      Pension Plan        Trust
  Corporation                                     Estate
  IRA/401K                                        Other _____ (please specify)

## PART II – SCHEDULE OF TRANSACTIONS IN QVC STOCK

| **1. HOLDINGS AS OF OPENING OF TRADING ON AUGUST 5, 2015** – State the total number of shares of QVC Stock held as of the opening of trading on August 5, 2015.  (Must be documented.) If none, write "zero" or "0."  _____ | Confirm Proof of Position  Enclosed<br>○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM AUGUST 5, 2015 THROUGH SEPTEMBER 8, 2016.**  Separately list each and every purchase/acquisition of QVC Stock from after the opening of trading on August 5, 2015 through and including the close of trading on September 8, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

| 3.  **PURCHASES/ACQUISITIONS FROM SEPTEMBER 9, 2016 THROUGH DECEMBER 6, 2016** – State the total number of shares of QVC Stock purchased/acquired from after the opening of trading on September 9, 2016 through and including the close of trading on December 6, 2016. If none, write "zero" or "0."[2] _____ | | | | |
|---|---|---|---|---|
| 4.  **SALES FROM AUGUST 5, 2015 THROUGH DECEMBER 6, 2016** – Separately list each and every sale/disposition of QVC Stock from after the opening of trading on August 5, 2015 through and including the close of trading on December 6, 2016. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| 5.  **HOLDINGS AS OF DECEMBER 6, 2016 –** State the total number of shares of QVC Stock held as of the close of trading on December 6, 2016. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐ | | | | |

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated _____, 2019 (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Colorado, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of QVC Stock from after the opening of trading on September 9, 2016 through and including the close of trading on December 6, 2016 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

furnish additional information to the Claims Administrator to support this claim (including transactions in other QVC/Qurate securities) if requested to do so. I (We) have not submitted any other claim in the Action covering the same purchases, acquisitions, or sales of QVC Stock during the Class Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the accompanying Notice. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in QVC Stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

5.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
            (Month / Year)                    (City)            (State/Country)


_____          _____
Signature of Claimant                      Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                     Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net
(____) ___-____

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02300-MEH

BRISTOL COUNTY RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

       Plaintiffs,

v.

QURATE RETAIL, INC.,
MICHAEL A. GEORGE,
GREGORY B. MAFFEI, AND
THADDEUS JASTRZEBSKI,

       Defendants.

---

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

---

**To:** **All Persons Who Purchased or Otherwise Acquired Publicly Traded Series A QVC Group Common Stock Traded on the NASDAQ Global Select Market Under the Symbol QVCA During the Period from August 5, 2015 through September 8, 2016, inclusive (the "Class Period"), and Who Were Allegedly Damaged Thereby (the "Settlement Class" or "Settlement Class Members").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Colorado, that Lead Plaintiff Indiana Public Retirement System, on behalf of itself and the proposed Settlement Class, and Qurate Retail, Inc., Michael A. George, Gregory B. Maffei, and Thaddeus Jastrzebski (collectively, the "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $5,750,000 that, if approved, will resolve the Action in its entirety (the "Settlement").

Exhibit A-3

A hearing will be held before the Honorable Michael E. Hegarty of the United District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, in Courtroom A501, at __:___ ___.m. on _____ __, 2019 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____, 2019; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Notice and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website of the Claims Administrator, www._____.com, or by contacting the Claims Administrator at:

*Bristol County Ret. Sys. v. Qurate Retail, Inc.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net
(____) ____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

Jonathan Gardner, Esq.
**LABATON SUCHAROW LLP**

- 2 -

Exhibit A-3

140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or received no later than*** **_____ __, 2019**.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court in the Action, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than* _____ __, 2019.**  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than* _____ __, 2019**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2019          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF COLORADO